# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RANDY ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 2:12-cv-00385-NT |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION ) | |
| COMMISSIONER, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S MOTION FOR EAJA AWARD

Following an Order of Remand and Judgment pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff Randy Adams moved for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 17.) Adams requests an award of $2,031.80 and further requests that the award be paid directly to counsel. (EAJA Motion at 2; Ex. A Itemization, ECF No. 17-1.) In support of this request, Adams filed an exhibit demonstrating that he assigned to his attorneys his right to an attorney fee award under the EAJA. (Ex. C, EAJA Assignment, ECF No. 17-4.) The Commissioner responds that she "has no substantive objection" but objects to the request that the award issue directly to counsel. (Response at 1, ECF No. 18.) In a proposed order attached to her response, the Commissioner requests that the order state that she "may honor" the assignment of EAJA fees to counsel, if she determines that the EAJA award is not

subject to offset to satisfy a pre-existing debt Adams may owe the United States. (Proposed Order, ECF No. 18-1.)

In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. at 2524. The determination of whether a pre-existing debt is owed is "covered by the Treasury Offset Program (TOP) operated by the Treasury Department's Financial Management Service (FMS)." Id. (discussing the statutory offset provisions found in the Debt Collections Improvement Act of 1996, as amended in 2005 to reach fee awards, 31 U.S.C. §§ 3701, 3711, 3716, and related Treasury regulations, 31 C.F.R. § 285.5). Although the Court held that the language of the EAJA calls for an award to be paid to the litigant rather than the attorney, the Court also acknowledged that there is nothing improper about the Commissioner paying an award directly to the attorney where an offset is not called for and the litigant has assigned the right to payment to the attorney. Id. at 2529. Here, Adams has supported his request with evidence that he in fact assigned "any and all rights to any attorney fees payable under the Equal Access [to] Justice Act" to his attorneys. Under these circumstances, the award should be paid to the attorney, subject to any offset, in order to avoid creating "a potential collection problem for the lawyer." Mathews-Sheets v. Astrue, 653 F.3d 560, 565-66 (7th Cir. 2011).

It is hereby ORDERED that Plaintiff's Motion for EAJA Award is GRANTED in the amount of $2,031.80. If the Commissioner has not determined that Adams

has outstanding debts to the federal government that offset this award, then the Commissioner shall issue the award directly to counsel.

    SO ORDERED.

    Dated this 12th day of September, 2013.

/s/Nancy Torresen  
U.S. District Judge
